1

Tracy R. Horn (CA Bar No. 258170)
**THE TORKZADEH LAW FIRM**

2

11601 Wilshire Blvd. Ste. 500

3

Los Angeles, CA 90025
Tel: (310) 935-1111 / Fax: (800) 929-0262

4

E-mail: Tracy@TorkLaw.com

5

6

Attorneys for Plaintiff
Miriam Grogan

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

MIRIAM GROGAN,

Case No. **'16 CV 1088 L      DHB**

11

12

Plaintiff(s),

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF THE FDCPA (15
U.S.C. §§ 1692, *et. seq.*)

13

v.

14

FIRST NATIONAL COLLECTION
BUREAU, INC.;

JURY TRIAL DEMANDED

15

LVNV FUNDING, LLC; and

16

DOES 1-10, Inclusive,

17

Defendant(s).

18

19

     NOW COMES plaintiff MIRIAM GROGAN, by and through her attorneys,

20

The Torkzadeh Law Firm, in her claim for damages against defendant(s) FIRST

21

NATIONAL COLLECTION BUREAU, INC.; LVNV FUNDING, LLC; and

22

DOES 1-10, Inclusive.  Upon information and belief, Plaintiff alleges as follows:

23

**I. INTRODUCTION**

24

1.     This is a consumer action brought pursuant to the Fair Debt Collection

25

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et. seq.*, that was enacted by the

**TORK**

United States Congress after it found abundant evidence of the use of abusive, deceptive and unfair collections practices by many debt collectors contributing to personal bankruptcies, marital instability, loss of jobs and invasions of individual privacy.  Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II. JURISDICTION

2.      Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d).  Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3.      This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692, *et. seq.*  While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## III. VENUE

4.      Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

///

///

///

TORK

1

## IV. PARTIES

2    5.    Plaintiff MIRIAM GROGAN is a natural person residing in San Diego

3 County, California. At all relevant times, Plaintiff was and is a "consumer" within

4 the meaning of 15 U.S.C. § 1692(a)(3).

5    6.    Defendant FIRST NATIONAL COLLECTION BUREAU, INC. ("FNCB")

6 is a corporation organized under the laws of the state of Nevada and its principal

7 place of business is located at 610 Waltham Way, McCarran, Storey County, NV

8 89434. FCNB may be served as follows: First National Collection Bureau, Inc.,

9 c/o Bradley L. Jardon, the registered agent for service of process, 610 Waltham

10 Way, McCarran, Storey County, NV 89434. Upon information and belief, the

11 principal business of FCNB is the collection of defaulted consumer debt using the

12 mails, telephone and other instrumentalities of interstate commerce and FCNB

13 regularly attempts to collect, both directly and indirectly, consumer debt asserted to

14 be due another. FCNB is thus a "debt collector" per 15 U.S.C. § 1692a(6).

15    7.    Defendant LVNV FUNDING, LLC ("LVNV") is a limited liability

16 company organized under the laws of the state of Delaware and its principal place

17 of business is located at 200 Meeting St. Ste. 206, Charleston, Charleston County,

18 SC 29401. LVNV may be served as follows: LVNV Funding, LLC, c/o

19 Corporation Service Company, the registered agent for service of process, 2710

20 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833. Upon information and

21 belief, the principal business of LVNV is the acquisition and collection of

22 defaulted consumer debt using the mails, telephone and other instrumentalities of

23 interstate commerce and LVNV regularly attempts to collect, both directly and

24 indirectly, consumer debt asserted to be due another. LVNV is thus a "debt

25 collector" per 15 U.S.C. § 1692a(6).

TORK

8.      Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state.  The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name.  Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California.  Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it.  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is vicariously liable to Plaintiff for the acts of MCM and MFL.

9.      At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

10.     Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names.  Each reference herein to any act of "Defendant," "Defendants" or a specifically named defendant shall mean that each Defendant acted individually and jointly with the other Defendants.  Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

///

**TORK**

## V. FACTUAL ALLEGATIONS

11.    On a date or dates unknown to Plaintiff, Plaintiff allegedly incurred a financial obligation or debt arising out of a consumer credit account.  The debt was incurred primarily for personal, family or household purposes and is thus a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.    Plaintiff is informed and believes, and thereon alleges, that sometime after Plaintiff defaulted on her consumer credit account, the defaulted debt was sold, assigned, or otherwise transferred from the original creditor to LVNV either directly or through a series of intermediate assignees.  Plaintiff is informed and believes, and thereon alleges, that the original creditor retained no interest in Plaintiff's defaulted debt after the sale, assignment and transfer of the debt to LVNV.

13.    Plaintiff is informed and believes, and thereon alleges, that sometime after the debt was sold or assigned to LVNV, the debt was placed with FCNB for the purpose of collection from Plaintiff.

14.    Following placement of the debt for collection, FCNB, on January 19, 2016, mailed a demand letter to Plaintiff in an attempt to collect the subject debt. FCNB'S demand letter stated "[b]ecause of the age of your debt, LVNV Funding LLC will not sue you for it." (Ex. A).  FCNB'S demand letter goes on, however, to offer Plaintiff a new contract.  In exchange for Plaintiff making 6 monthly payments of $192.65, FCNB will forgive 70% of the original debt. (Ex. A).

15.    On April 4, 2016, FCNB mailed another demand letter to Plaintiff in an attempt to collect the subject debt.  FCNB'S demand letter stated "[b]ecause of the age of your debt, we will not sue you for it." (Ex. B).  This demand letter again offers Plaintiff a new contract.  In exchange for Plaintiff making 6 monthly

TORK

Complaint

*Case#*

payments of $192.65, FCNB will consider the account satisfied in full. (Ex. B).  It warns, however, that the discounted offer may be cancelled if any one of Plaintiff's payments are more than 30 days apart.

16.     Defendants' demand letters fail to explain to Plaintiff the new burdens that these contracts would place on her.  Were she to accept any of these new contracts and then default on her payments, she could be sued for breaching the new contract.  In short, Defendants' demand letters deceptively encourages Plaintiff to abandon her current immunity from lawsuit in favor of being exposed to a potential lawsuit arising from breach of the new contract.

**VI. FIRST CAUSE OF ACTION:**

**VIOLATION OF THE FDCPA (15 U.S.C. §§ 1692, *ET. SEQ.*)**

17.     Plaintiff brings this first claim for relief against Defendants under the FDCPA, 15 U.S.C. §§ 1692, *et. seq*.

18.     Plaintiff incorporates all preceding paragraphs in this Complaint as though fully set forth herein.

19.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20.     Defendants are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

21.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22.     Defendants have violated the FDCPA.  The violations include, but are not limited to, the following:

///

///

///

TORK

- 6 -                                                                    *Case#*
Complaint

1
2

    a.     Defendants used a false and misleading representation in an attempt to collect a debt in violation of 15 U.S.C. §§ 1692e, e(10);

3
4

    b.     Defendants misrepresented the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

5
6

23.    Defendants' acts as described above were done knowingly and intentionally with the purpose of coercing Plaintiff to pay her debt.

7
8
9

24.    As a result of Defendants' violations of the FDPCA, Plaintiff has been caused to suffer mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair.

10
11
12

25.    As a result of Defendants' violations of the FDPCA, Plaintiff is entitled to an award of statutory damages, actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

13

## VII. PRAYER FOR RELIEF

14

WHEREFORE, Plaintiff prays this Court:

15

a) Assume jurisdiction in this proceeding;

16
17

b) Declare that Defendants violated the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10);

18

c) Award Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

19
20

d) Award Plaintiff the maximum amount of statutory damages available pursuant to 15 U.S.C. § 1692k(a)(2);

21
22

e) Award Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

23

f) Award Plaintiff such other and further relief deemed proper and just.

24

///

25

///

TORK

1    Date: May 4, 2016                    Respectfully submitted,

2                                         **THE TORKZADEH LAW FIRM**

3

4                                         By: /s/ Tracy R. Horn

5                                             Tracy R. Horn (SBN: 258170)
                                              E-Mail: Tracy@TorkLaw.com
6
                                          ATTORNEY FOR PLAINTIFF
7

8

9                       **DEMAND FOR JURY TRIAL**

10         PLEASE TAKE NOTICE that Plaintiff, MIRIAM GROGAN, hereby

11   demands a trial by jury of all triable issues of fact in the above-captioned case.

12

13                                        /s/ Tracy R. Horn
                                          Tracy R. Horn
14

15

16

17

18

19

20

21

22

23

24

25

**TORK**

Complaint